AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
| GEORGE BLAINE HUGHES, JR. | ) Case No. |
| | )    6:21-mj    1372 |
| Defendant(s) | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __April 17, 2021__ in the county of __Volusia__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Possession of a firearm after having been convicted of a felony. |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Sworn to before me by Zoom Conference and signed by me pursuant to Fed.R.Crim. P. 4.1 and 4(d).

Jacqueline Acosta, Special Agent
Printed name and title

Date: April 29, 2021

_____
Judge's signature

City and state: Orlando, Florida

Hon. Thomas B. Smith, U.S. Magistrate Judge
Printed name and title

**STATE OF FLORIDA**                              Case No: **6:21-mj-** 1372

**COUNTY OF ORANGE**

## AFFIDAVIT FOR CRIMINAL COMPLAINT

I, Jacqueline Acosta, being first duly sworn state:

1. I am a Special Agent (SA) with the Department of Homeland Security, Homeland Security Investigations (HSI), currently assigned to the HSI Cocoa Beach Office. I have been so employed since March 2008. Prior to my employment with HSI, I was a criminal investigator for the Melbourne Police Department, for twelve years. I have conducted investigations of criminal activity, including but not limited to firearms, illegal importation, distribution and sale of counterfeit trademark items, smuggling, and fraud violations.

2. I have drafted this affidavit for the limited purpose of establishing probable cause for the violations listed in the attached Criminal Complaint and, therefore, does not include all of the facts established in this investigation. Based upon my personal knowledge and information furnished to me by other federal and state law enforcement agents, I allege the following facts to be true and correct and I present this affidavit in support of a criminal complaint alleging a violation of 18 U.S.C. § 922(g)(1).

3. On April 17, 2021, your affiant received an e-mail from HSI Special Agent Robert Martinez of the HSI- JFK Group, that a parcel (shipment # LY671933090CN), addressed to George HUGHES in Deland, Florida had been seized and found to contain one firearm suppressor (also known as a silencer). Special Agent Martinez was

asked by your affiant to mail the seized parcel to the HSI-Cocoa Beach Office for further investigation.

4.  On April 22. 2021, your affiant received and examined the parcel; it was a 6.5 W x 7.5 L inch plastic bag, with a weight of approximately .27 kilogram, with United States Postal Service ePack Tracking #LY67193390CN, addressed to "George Hughes" at xxxx, Deland, Florida 32724, which is within the Middle District of Florida. This parcel will hereinafter be referred to as "PACKAGE".

5.  Upon closer examination, your affiant found the PACKAGE contained one black firearm suppressor that did not have the required manufacturer stamp, a serial number, or country of manufacture. The sender/return address was a specific address in China. The customs declaration/address label listed the contents as a single "Solvent trap" with a value of $5.00 U.S. currency. A further examination of the suppressor and based on my training and experience, I was able to identify it as a Monocore silencer baffle, with one end threaded for attachment, an outer tube and a closed endcap with a mark indicating the center.

6.  On April 23, 2021, your affiant sent pictures of the device that had been seized to Special Agent Lucas Battani of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) in Orlando, Florida. SA Battani reviewed the photographs and was able to conclude that based on his training and experience, the device seized was in fact a silencer, that met the classification requirements in the ATF Firearm and Ammunition Technical Bulletin 20-01, dated October 30, 2019 and as defined in

26 U.S.C.§ 5845 (a)(7) and 18 U.S.C. §921 (a)(3). Based on this classification, this suppressor is a firearm which must comply with all the restrictions and requirements outlined in the Gun Control Act of 1968. A firearm is required to have the following visible markings: a serial number, the name of manufacturer, the country of origin, the model designation, caliber or gauge, the name of importer, and the city and state of the importer. The device in the PACKAGE does not display these required markings. Further, due to its classification, this item would also require registration in the National Firearms Registration and Transfer Record. For the device to be so registered, it would have to appropriately have/display all the information listed in this paragraph.

7. Agents checked law enforcement databases and were able to associate the address in Deland, Florida 32724 with a George Blaine HUGHES Jr. A follow up query of the subject premises in the Florida Driver and Vehicle Information Database (DAVID) also confirmed that George Blaine HUGHES Jr. and two other individuals listed that address on their respective Florida driver's licenses.

8. On April 28, 2021, an anticipatory search warrant affidavit seeking authority to search the suspect's address in Deland, Florida, 32724 was presented to, and approved by U.S. Magistrate Judge Thomas B. Smith.

9. Later that day, HSI, in close coordination with federal and state law enforcement agencies, conducted a control delivery of the PACKAGE to the recipient address. An undercover law enforcement officer approached the residence

to deliver the PACKAGE and was met at the front of the home by a male who identified himself as George HUGHES (hereinafter "HUGHES"). HUGHES took custody of the PACKAGE and was observed by agents conducting surveillance and opening the PACKAGE as he entered the residence.

10. Pursuant to the search and seizure authority granted by the court, and when it was deemed safe to do so, agents entered the suspect's residence in, Deland, Florida 32724 to execute the search warrant. Very shortly upon entry, agents observed the open PACKAGE in the master bedroom on the first floor of the house. Your affiant was confirmed that this master bedroom is shared by HUGHES and his girlfriend.

11. Agents identified themselves to HUGHES and he was read his *Miranda* rights. HUGHES stated that understood his rights, waived his rights, and agreed to be interviewed. In summary, HUGHES told agents that he was aware that he was a convicted felon and was prohibited from possessing firearms. He admitted that he had ordered the suppressor online from China, paying $43.00 for it with his credit card. He indicated that he used his email address as the contact address and had been tracking the delivery of the purchase [from China to the U.S.]. He told agents that he had a total of three (3) silencers and that they were located in the master bedroom of the house. HUGHES further admitted to going to the Strickland Shooting Range with his girlfriend and shooting several firearms (detailed below) that were found in the home. HUGHES stated that he identified specific firearms for purchase and

4

accompanied his girlfriend while she conducted the transaction. When agents asked HUGHES how many of the firearms located in the home he fired, he indicated that he had fired six (6) handguns and a .223. rifle.

12. During the search of the house the following weapons were recovered: (1) a Creedmore 6.5 Rifle (2) a Colt 22 Rifle (3) a Mossberg Rifle (4) a Westfield .223 Rifle (5) a Savage Rifle (7) a Sportsman Rifle (8) a Remington Rifle (9) a Hi-Point semi- automatic pistol (10) a Derringer pistol (11) a Beretta semi-automatic pistol and (12) a XDS handgun. In addition to these weapons, the search also yielded the following ammunition: .223 caliber- 1043 rounds ), 6.5 caliber- 271 rounds, .9 caliber-140 rounds, .40 caliber-964 rounds, .22 caliber-2670 rounds, .45 caliber-5 rounds, 30-60 caliber-769 rounds, 12 gauge-250 shotgun shells, and 26 buck shotgun shells.

13. A criminal history check of George Blaine Hughes Jr. shows the following convictions:

    a) 9/28/1982, Volusia County, Florida, charged with Burglary with Assault or Battery, felony-guilty conviction. On 5/2/1983 he was sentenced to 3 years' probation.

    b) 5/27/1983, Volusia County, Florida, charged with Grand Larceny, felony-guilty conviction. He received a sentence of 11 months and 29 days of incarceration.

5

c) 7/29/1986, Volusia County, Florida, Murder, First Degree Premeditated, felony-guilty conviction. The sentencing date is shown as 04/28/1988.

d) 2/21/1990, Volusia County, Florida, charged with Uttering- $150 dollars or over, felony-guilty conviction. On 3/26/1990, he was sentenced to confinement for 3 years.

e) 6/13/1994, Volusia County, Florida, charged with Aggravated Assault with deadly weapon without intent to kill, felony-guilty conviction. On 01/09/1995, he was sentenced to 5 years' incarceration.

14. Based on the above facts, the undersigned affiant believes there is probable cause to charge HUGHES with violating the Federal Firearm laws by possessing and receiving a firearm, a Monocore silencer baffle, with one end threaded for attachment, an outer tube and a closed endcap with a mark indicating the center, which had been shipped or transported in interstate or foreign commerce to wit: Title18, United States Code, Section 922(g)(1), making it unlawful for a person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, to possess in and affecting interstate commerce, any firearm or ammunition, or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

This concludes my affidavit.

Respectfully submitted,

_____
Jacqueline Acosta, Special Agent
Homeland Security Investigations

Affidavit submitted by email and attested to me
as true and accurate via Zoom/video conferencing
consistent with the Federal Rules of Criminal Procedure
4.1 and 41(d)(3), this __29__ day of April, 2021.

_____
THOMAS B. SMITH
United States Magistrate Judge

7

AO 257 (Rev. 6/78)                                                                                          PER 18 U.S.C. 3170

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☒ COMPLAINT ☐ INFORMATION ☐ INDICTMENT

**OFFENSE CHARGED**

Possession of a firearm after having been convicted of a felony

☐ Petty
☐ Minor
☐ Misdemeanor
X Felony

Place of Offense: Volusia County, FL

U.S.C. Citation: 18 U.S.C. § 922(g)

..................... PROCEEDING .........................
Name of Complainant Agency, or Person (& Title, if any)
Special Agent, Jacqueline Acosta

☐ person is awaiting trial in another Federal or State Court, give name of court:

☐ this person/proceeding is transferred from another district per FRCrP ☐ 20, ☐ 21 or ☐ 40. Show District:

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
DOCKET NO.
☐ U.S. Att'y   ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) MAGISTRATE CASE NO. before U.S. Magistrate regarding this defendant were recorded under ▸

Name and Office of Person Furnishing information on This Form

KARIN HOPPMANN   ☒ Acting U.S. Att'y
☐ Other U.S. Agency

Name of Asst. U.S. Att'y   Ranganath Manthripragada

Name of District Court, and/or Judge/Magistrate Location (City)
MIDDLE DISTRICT OF FLORIDA
ORLANDO FLORIDA

U.S. vs.

George Blaine HUGHES Jr.

Address   Deland, Fl. 32924

Birth Date   xx/xx/1964   (Optional unless a juvenile)

☒ Male  ☐ Female  ☐ Alien

SSN:                 FBI No.

..................... DEFENDANT .........................

### IS NOT IN CUSTODY

1) ☐ Has not been arrested, pending outcome this proceeding
    If not detained give date any prior summons}
    was served on above charges
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

### IS IN CUSTODY

4) ☒ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges } ☐ Fed'l ☐ State
    If answer to (6) is "Yes", show name of institution:

Booking No. _____
Has detainer   ☐ Yes } If "Yes"
been filed? ☐ No } give date filed:

                                    Mo.   Day   Year
DATE OF
ARREST

Or... if arresting Agency & Warrant were not Federal
                                    Mo.   Day   Year
DATE TRANSFERRED
TO U.S. CUSTODY ▸

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

METHOD OF SERVICE: Notice

RECOMMENDED BOND: None

COURTROOM REQUIREMENTS: Small

Will there be a defendant or witness in custody?
☒ Yes   ☐ No

**DEFENSE COUNSEL:**

☐ (AP) Appointed
☐ (FD) Federal Public Defender
☐ (PS) Pro Se
☐ (RE) Retained
☐ (TB) To be Appointed

Related Cases:
OCDETF Case    ☐ Yes ☒ No
Gang Member:   ☐ Yes ☒ No

Start Date: _____
If Yes, gang affiliation: _____

| Statutes: | Counts: | Penalty Provisions: | Maximum Penalty: |
|---|---|---|---|
| 18 U.S.C. § 922(g)(1) | One | 18 U.S.C. § 924(a)(2) | Maximum term of imprisonment of 10 yrs.; NMT 3 yrs' S/R; NMT $250,000 Fine; $100 S/A |